IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAII FIT FOUR LLC, | ) | CIVIL 16-00607 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| SHAYNE ROBERT FORD, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND/OR IN THE ALTERNATIVE MOTION TO DISMISS FOR LACK OF JURISDICTION**

Before the Court is Defendant/Counterclaimant/Third-Party Plaintiff Shayne Robert Ford's ("Ford") Motion for Summary Judgment and/or in the Alternative Motion to Dismiss for Lack of Jurisdiction ("Motion"), filed on May 27, 2017. [Dkt. no. 50.] Plaintiff/Counterclaim Defendant Hawaii FIT Four LLC ("Hawaii FIT") filed its memorandum in opposition on August 23, 2017, and Ford filed his reply on August 30, 2017. [Dkt. nos. 71, 73.] This matter came on for hearing on September 13, 2017. On September 28, 2017, this Court issued an entering order containing an outline of its decision on the Motion ("9/28/17 EO Outline"). [Dkt. no. 83.] The instant Order supersedes the 9/28/17 EO Outline. For the reasons set forth below, Ford's Motion is hereby denied, without prejudice to the filing of a motion for summary judgment.

## BACKGROUND

Hawaii FIT filed this action on November 10, 2016, based on diversity jurisdiction. [Complaint at ¶ 4.] The Complaint alleges that:

> 2. Hawaii FIT Four is a Hawaii limited liability company. The sole member and manager of Hawaii FIT Four is Green Island FIT LLC ("Green Island"), a Hawaii limited liability company. Green Island has seven members; six are citizens of Hawaii and one is a citizen of California.
>
> 3. Ford is a citizen of Oregon.

On February 2, 2017, Ford filed his Answer to Complaint, Filed November 10, 2016 ("Answer"), which included a Counterclaim and a Third-Party Complaint against Green Island. [Dkt. no. 16.] The pleadings' factual allegations and claims are summarized in the Order Ruling on the Parties' Motions Brought Pursuant to Fed. R. Civ. P. 12, filed June 27, 2017 ("6/27/17 Order"). [Dkt. no. 58 at 2-12.]

The 6/27/17 Order: dismissed Counts I, IV, V, and VI of the Counterclaim without prejudice; dismissed the Third-Party Complaint without prejudice; and denied Ford's motion seeking judgment on the pleadings on the merits of the Complaint.[1] Ford was allowed to file a motion seeking leave to file an amended counterclaim and an amended third-party complaint. [6/27/17

---

[1] Hawaii FIT and Green Island filed their motions to dismiss on February 23, 2017. [Dkt. nos. 24, 26.] Ford filed his motion for judgment on the pleadings on March 15, 2017. [Dkt. no. 30.]

Order at 39-40.]  On July 7, 2017, Ford filed the motion for leave.  [Dkt. no. 61.]  On August 8, 2017, the magistrate judge issued an order granting Ford leave to file his proposed amended counterclaim and denying leave to file the proposed amended third-party complaint.  [Dkt. no. 68.]  Ford filed his Amended Counterclaim on August 14, 2017.  [Dkt. no. 69.]

Ford's Motion presents both a facial attack on the sufficiency of the jurisdictional allegations in the Complaint and a factual attack on the truth of the jurisdictional allegations.  In his factual attack, Ford asserts that there is no diversity of citizenship in this case because he is a Hawai`i citizen, not an Oregon citizen as alleged in the Complaint.

## DISCUSSION

### I. Preliminary Issues

#### A. Timing of the Motion

At the outset, this Court must address the timing of the Motion.  It is true that "[o]bjections to subject-matter jurisdiction . . . may be raised at any time," even by a party that has lost at trial and "even if the party had previously acknowledged the trial court's jurisdiction."  Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434-35 (2011).  If jurisdiction is found to be lacking in such circumstances, the case must be dismissed and "many months of work on the part of the attorneys and the court may be wasted."  Id. at 435.  In

3

addition, it "may unfairly prejudice litigants." Id. at 434. Thus, Ford's jurisdictional challenge must be addressed, even though he has actively litigated this action for a significant amount of time by, *inter alia*, filing a Counterclaim and Third-Party Complaint, seeking judgment on the pleadings on the Complaint, and filing an amended counterclaim.[2]

Even if jurisdiction is ultimately lacking, the circumstances of this case may warrant sanctions pursuant to this Court's inherent authority, on other grounds. See, e.g., State Farm Fire & Cas. Ins. Co. v. Ramirez, Civil No. 08-00557 SOM/LEK, 2011 WL 1135103, at *1 (D. Hawai`i Mar. 24, 2011) (concluding that the district court had jurisdiction to consider the plaintiff's motion for sanctions under the court's inherent authority, even though the case had been dismissed for lack of jurisdiction, but ruling that sanctions were not warranted under the circumstances of the case). In the memorandum in opposition and at the hearing on the Motion, Hawaii FIT urged this Court to award sanctions against Ford and/or his counsel. Because this

---

[2] Ford did not file the instant Motion until the day after this Court issued inclinations on Hawaii FIT's and Green Island's motions to dismiss. See EO: Court's Inclination Regarding Motions to Dismiss Scheduled for Hearing on May 30, 2017, filed 5/26/17 (dkt. no. 49). Ford's motion for judgment on the pleadings was also pending when he filed the instant Motion. Ford filed his motion seeking leave to file his amended counterclaim and amended third-party counterclaim, as well as his Amended Counterclaim, while the instant Motion was pending. [Dkt. nos. 61, 69.]

4

Court cannot determine whether sanctions are warranted based solely on the filings related to the Motion, Hawaii FIT's request for sanctions is denied without prejudice to the filing of a motion for sanctions. The motion for sanctions must specify the sanctions sought, as well as the legal authority supporting the sanctions sought.

B. **Failure to File a Concise Statement of Facts**

Although Ford seeks summary judgment in his favor based on the alleged lack of jurisdiction, he failed to file a concise statement of material facts, as required by Local Rule 56.1. Because of Ford's failure to follow the applicable rules, this Court will only consider the Motion as a motion to dismiss. To the extent Ford seeks summary judgment, the Motion is denied. The parties are reminded that any motion for summary judgment must comply with the requirements of Local Rule 56.1.

C. **Ford's Exhibit F**

To the extent that Ford's motion to dismiss presents a factual challenge to the Complaint's jurisdictional allegations, materials beyond the Complaint can be considered. See Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). In considering the parties' written submissions, the applicable standard is equivalent to the summary judgment standard. See Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987). Thus, only admissible

evidence can be considered. Cf. Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment.").

The copies of Ford's 2015 and 2016 state and federal tax returns that are included in Exhibit F to the reply ("the Returns"), [dkt. nos. 73-20 & 73-21,] are inadmissible.[3] The Returns are not signed by either Ford or the party who prepared them on his behalf; Ford has not submitted any documentation from a government entity showing that the Returns are true and accurate copies of the tax returns filed with that entity; and the Declaration of Shayne Robert Ford attached to the reply ("Ford Reply Declaration") does not contain sufficient information to establish that the Returns are admissible. This Court therefore has not considered the Returns in ruling on the Motion.

## II. **Applicable Standards**

Fed. R. Civ. P. 12(b)(1) authorizes a district court to dismiss an action for "lack of subject matter jurisdiction[.]" "Once challenged, the party asserting subject matter jurisdiction

---

[3] Although the issues raised at the hearing related to Ford's "Ex Party [sic] Application to Supplement Record and for Extension of Time to File Complete Copy of Exhibit F of Reply [Dkt 73]," [filed 9/1/17 (dkt. no. 75),] are concerning, they did not contribute to the ruling that Ford's Exhibit F is inadmissible.

has the burden of proving its existence." <u>Robinson v. United States</u>, 586 F.3d 683, 685 (9th Cir. 2009). This district court has stated:

> A Rule 12(b)(1) motion may be either facial (attacking the sufficiency of the complaint's allegations to invoke federal jurisdiction) or factual (disputing the truth of the allegations of the complaint). <u>Safe Air for Everyone [v. Meyer]</u>, 373 F.3d [1035,] 1039 [(9th Cir. 2004)].
>
> In a facial attack, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction, and a complaint's factual allegations are taken as true and construed in the light most favorable to the nonmoving party. <u>Fed'n of African Am. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir. 1996). But in a factual attack "[w]here the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." <u>Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979). In such case, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself" the existence of subject matter jurisdiction. <u>Id.</u>
>
> Further, where "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." <u>Augustine v. United States</u>, 704 F.2d 1074, 1077 (9th Cir. 1983). That is, if "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment."

>     Autery v. United States, 424 F.3d 944, 956 (9th
>     Cir. 2005) (quoting Rosales v. United States, 824
>     F.2d 799, 803 (9th Cir. 1987)). "The Court 'must
>     therefore determine, viewing the evidence in the
>     light most favorable to the nonmoving party,
>     whether there are any genuine issues of material
>     fact.'" Id. (quoting Suzuki Motor Corp. v.
>     Consumers Union of U.S., Inc., 330 F.3d 1110, 1131
>     (9th Cir. 2003) (en banc)); see also Roberts v.
>     Corrothers, 812 F.2d 1173, 1777 (9th Cir. 1987)
>     ("In such a case, the district court assumes the
>     truth of allegations in a complaint . . . unless
>     controverted by undisputed facts in the record.").

Bishop v. United States, Civ. No. 16-00248 JMS-KSC, 2017 WL 1381653, at *7 (D. Hawai`i Apr. 13, 2017) (alterations in Bishop). In addition, in a factual attack,

> once the party bringing the Rule 12(b)(1) motion
> presents evidence or other affidavits before the
> court challenging jurisdiction, the party opposing
> the motion must present affidavits or other
> evidence necessary to satisfy its burden of
> establishing subject matter jurisdiction. Safe
> Air for Everyone v. Meyer, 373 F.3d 1035, 1039
> (9th Cir. 2004). Furthermore, when considering a
> Rule 12(b)(1) motion to dismiss, the district
> court may "hear evidence regarding jurisdiction"
> and "resolve factual disputes where necessary."
> Robinson v. U.S., 586 F.3d 683, 685 (9th Cir.
> 2009).

Jason E. ex rel. Linda E. v. Dep't of Educ., Civ. No. 12-00354 ACK-BMK, 2014 WL 6609213, at *5 (D. Hawai`i Nov. 20, 2014).

> "[I]f a plaintiff's proof (of jurisdictional
> facts) is limited to written materials, it is
> necessary only for these materials to demonstrate
> facts which support a finding of jurisdiction in
> order to avoid a motion to dismiss.'" Societe de
> Conditionnement en Aluminium v. Hunter Eng'g Co.,
> Inc., 655 F.2d 938, 942 (9th Cir. 1981) (quoting
> Data Disc, Inc. v. Systems Tech. Assocs., Inc.,
> 557 F.[2]d 1280, 1285 (9th Cir. 1977)). The Ninth
> Circuit has described this standard as equivalent

> to the summary judgment standard. See Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987) ("The requirement that the nonmoving party present evidence outside his pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction is the same as that required under Rule 56(e) that the nonmoving party to a motion for summary judgment must set forth specific facts, beyond his pleadings, to show that a genuine issue of material fact exists.") (citations omitted). Generally, a court has discretion to resolve factual disputes on a factual motion to dismiss for lack of subject matter jurisdiction. See St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) ("The district court obviously does not abuse its discretion by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes.").

Nino v. United States, No. 13cv0469 WQH(BGS), 2015 WL 5032644, at *4 (S.D. Cal. Aug. 25, 2015) (some alterations in Nino) (footnote omitted).

## III. **Ford's Facial Attack**

Ford argues that the Complaint's factual allegations regarding his citizenship for diversity purposes are insufficient on their face. 28 U.S.C. § 1332(a) states, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- (1) citizens of different States." Diversity is determined by the citizenship of the parties at the time complaint is filed. Smith v. Sperling, 354 U.S. 91, 93, n.1 (1957).

Section 1332 "speaks of citizenship, not of residency." <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).

> To be a citizen of a state, a natural person must first be a citizen of the United States. <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989). The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. See <u>Lew v. Moss</u>, 797 F.2d 747, 749 (9th Cir. 1986). A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. See, e.g., <u>Weible v. United States</u>, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.").

<u>Id.</u> Ford contends that the Complaint's jurisdictional allegations are insufficient because Hawaii FIT did not allege that he is a United States citizen and he is domiciled in Oregon.

In support of its allegation that there is diversity between it and Ford, Hawaii FIT alleges that Ford is an Oregon citizen. [Complaint at ¶¶ 3-4.] Based on controlling case law, to be a citizen of Oregon for purposes of diversity jurisdiction, Ford must also be a citizen of the United States. The fact that the Complaint does not expressly allege that Ford is a citizen of United States does not render the jurisdictional allegations insufficient. <u>Cf.</u> <u>Berkeley Research Grp., LLC v. United Potato</u>

Growers of Am., Inc., No. C 16-07205 WHA, 2017 WL 952680, at *1 (N.D. Cal. Mar. 13, 2017) ("Citizenship, for diversity jurisdiction, is synonymous with an individual's domicile."). For purposes of Ford's facial attack, the factual allegations of the Complaint are assumed to be true and are construed in the light most favorable to Hawaii FIT. See Fed'n of African Am. Contractors, 96 F.3d at 1207. So construed, the factual allegations of the Complaint are sufficient to support of the asserted diversity jurisdiction. To the extent that it raises a facial challenge, Ford's Motion is denied.

## IV. Ford's Factual Attack

In his factual attack, Ford asserts that the evidence in the record shows that, at the time the Complaint was filed, he was a citizen of Hawai`i. Ford states that he "moved from Portland in the State of Oregon and established residency in the State of Hawaii" in 1995. [Motion, Decl. of Shayne Robert Ford ("Ford Decl.") at ¶ 3.] He asserts that, "[s]ince prior to 1995, [he has] not been a resident of the State of Oregon, but [has] traveled to Oregon for family and business matters." [Id. at ¶ 4.]

> Domicile may be changed by being physically present in the new jurisdiction with the intent to remain there. See Mississippi Band [of Choctaw Indians], 490 U.S. [30,] 48, 109 S. Ct. 1597 [(1989)]; Kanter, 265 F.3d at 857. Thus, domicile includes a subjective as well as an objective component, although the subjective component may be established by objective factors.

11

Gaudin v. Remis, 379 F.3d 631, 636-37 (9th Cir. 2004).

> The court considers a number of factors (with no single factor controlling) in determining a person's domicile: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." See Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986).

Martin v. Ampco Sys. Parking, Civil No. 12-00598 SOM/RLP, 2013 WL 5781311, at *6 (D. Hawai`i Oct. 24, 2013), *reconsideration granted in part on other grounds*, 2013 WL 6624124 (Dec. 16, 2013).

Ford states that, since December 2011, he has resided with his "significant other, Cherica Jackson," at a home in Kailua ("Kailua House"), which he has owned since 2003. [Ford Decl. at ¶¶ 7-8.] He asserts that, at the time the Complaint was filed, he did not intend to reside in Oregon, or anywhere else besides Hawai`i. [Id. at ¶¶ 5, 31.] However, Hawaii FIT has submitted evidence that:

-Ford owns a residence in West Linn, Oregon ("Oregon Property");
 [Mem. in Opp., Decl. of Michelle N. Comeau ("Comeau Decl.") at ¶¶ 5-6, Exh. 11 (Lexis Personal Report, accessed on 8/23/17, showing that Ford owns a home in West Linn, Oregon), Exh. 12 (Lexis Personal Reports, accessed 8/23/17, for Ford's property assessments in Oregon and Washington);] and

-Ford's bank charges show that he split his time almost evenly between Hawai`i and Oregon in 2015 and 2016, [Comeau Decl. at ¶ 12, Exh. 18 (various documents Ford produced on 8/8/17) at Ford 000360, Ford 000452-83, Ford 000601-34, Ford 000642-

12

55].

In November 2016, Ford's sister and mother resided in Oregon. [Ford Decl. at ¶¶ 32-34.] Ford's father also resided in Oregon before he passed away. See Reply, Decl. of Cherica Jackson ("Jackson Decl.") at ¶ 6 (describing Ford's visits to Oregon to spend time with his father during his illness and to assist his family after his father's death).[4]

Ford is not registered to vote in Oregon, and he has been registered to vote in Hawai`i since 2000. [Ford Decl. at ¶¶ 13-14, Exh. B (copy of Certificate issued by the Office of the City Clerk, City and County of Honolulu, dated 5/23/17, showing Ford's registration date).] Ford does not have an Oregon driver's license, and he has held a Hawai`i driver's license since June 19, 2012. [Ford Decl. at ¶¶ 16-17, Exh. C (copy of Ford's Hawai`i driver's license).] He was employed in Hawai`i from 1996 until 2007 and, from approximately 2009 to the present, he has managed rental properties, which are all located in Hawai`i, except for one. [Ford Decl. at ¶¶ 19-20, Exh. D (letter dated 8/15/16 from the State of Hawai`i Department of Taxation with his "General Excise Tax License for Hawai`i Tax ID Number").] According to Ford, he does not live, and has not

---

[4] Ford could have presented the Jackson Declaration with the Motion. Ford is cautioned that any belatedly filed materials in the future will be disregarded. Cf. Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded.").

13

lived, at the Oregon Property, which "is solely used as an investment/rental property." [Ford Decl. at ¶ 29.]

At the time the Complaint was filed, Ford had an inactive real estate sales license. [Ford Decl. at ¶ 22, Exh. E.] Hawaii FIT has presented evidence that Ford had hunting and fishing licenses in Oregon in 2008 and 2010, and the licenses state that Ford's home state is Oregon. [Comeau Decl. at ¶ 8, Exh. 14 (Lexis Personal Report, accessed 8/23/17, showing Ford's hunting and fishing licenses in Oregon).] In addition, Ford bought a boat in 2010, which he registered in Oregon, using a Scappoose, Oregon address. [Comeau Decl. at ¶ 9, Exh. 15 (Lexis Personal Report, accessed 8/23/17, showing Ford's boat registration information).]

There are disputed issues about Ford's residence at the time the Complaint was filed, and it is possible that he had more than one residence. Accord Strabala v. Zhang, 318 F.R.D. 81, 97 (N.D. Ill. 2016) ("[A] person can have multiple residences but only one domicile. 'The very meaning of domicil [sic] is the technically pre-eminent headquarters that every person is compelled to have in order that certain rights and duties that have been attached to it by the law may be determined. In its nature it is one[.]'" (quoting Williamson v. Osenton, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758 (1914))). The current residence factor is therefore inconclusive. Ford also had

14

significant family connections in both Hawai`i in Oregon, owned real property in both places, and his work involved property management in both places. Ford has presented evidence that he is registered to vote in Hawai`i, and not in Oregon, but he does not state that he actually voted in Hawai`i prior to the filing of the Complaint. See Ford Decl. at ¶¶ 13-14. Ford's Hawai`i driver's license, real estate license, banking accounts, and utility bills weigh in favor of a finding of domicile in Hawai`i.[5] Further, Ford has owned personal property and held recreational licenses in Oregon in 2008 and 2010. Although those facts do not address the time period when the Complaint was filed, they cast doubt upon Ford's statement that he has not been an Oregon resident since 1995. See Ford Decl. at ¶ 4.

Hawaii FIT has the burden of establishing federal jurisdiction over its claims. See Robinson, 586 F.3d at 685. While factual disputes relevant to a factual attack on jurisdiction can be resolved in a motion to dismiss, id., disputes that turn on credibility determinations cannot, Data Disc, 557 F.2d at 1284.

> Data Disc established the standard for factual
> Rule 12(b)(2) motions to dismiss for lack of

---

[5] Exhibit 18 to the Comeau Declaration includes, *inter alia*: bank statements from American Savings Bank in Honolulu, Hawai`i; a bill from the City and County of Honolulu Board of Water Supply; a bill from Sprint addressed to Ford at the Kailua House; and statements for Ford's Hawaii Airlines Bank of Hawaii credit card.

15

> personal jurisdiction. In Data Disc, the Court of Appeals further held that a district judge need not weigh conflicting affidavits on a 12(b)(2) motion because "the district judge [generally] has no basis for a determination of credibility." Data Disc, 557 F.[2]d at 1284. Hunter Engineering extended this standard to factual Rule 12(b)(1) motions.

Nino, 2015 WL 5032644, at *4 n.2 (some alterations in Nino).

In light of evidence that is both admissible and properly before this Court, and weighing the Lew factors as a whole, the record is insufficient to support a finding that Ford's domicile, at the time the Complaint was filed, was either Oregon or Hawai`i. A finding of Ford's domicile based on the current record would require credibility determinations that are inappropriate in a motion to dismiss. When the record is more fully developed, it may allow a finding on domicile without a credibility determination. The Motion is therefore denied without prejudice to the filing of a motion for summary judgment addressing subject matter jurisdiction. The parties are reminded that any motion for summary judgment filed in this case must comply with the requirements of Local Rule 56.1

## CONCLUSION

On the basis of the foregoing, Ford's Motion for Summary Judgment and/or in the Alternative Motion to Dismiss for Lack of Jurisdiction, filed May 27, 2017, is HEREBY DENIED, WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 30, 2017.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HAWAII FIT FOUR LLC VS. SHAYNE ROBERT FORD; CIVIL 16-00607 LEK-RLP; ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND/OR IN THE ALTERNATIVE MOTION TO DISMISS FOR LACK OF JURISDICTION**